# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>MARKIS J. REVLAND,<br><br>    Defendant. | **No. 02-CR-4025-DEO-1**<br><br>**Memorandum and Opinion Order** |

## I. INTRODUCTION AND BACKGROUND

On October 23, 2002, this Court sentenced Markis J. Revland (hereinafter, Defendant) to 60 months imprisonment to be followed by 3 years of supervised release for one Count of possession of child pornography which depicted a pre-pubescent minor. Docket No. 24. On January 18, 2007, the Defendant, who is incarcerated at the Federal correctional facility in Butner, North Carolina (hereinafter, FCI Butner), completed the sentence this Court imposed; however, Defendant was not released.

The Adam Walsh Act "allows the Department of Justice to detain a mentally ill, sexually dangerous federal prisoner beyond the date the prisoner would otherwise be released." United States v. Comstock, 130 S. Ct. 1949, 1954 (2010). Specifically, 18 U.S.C. 4248(a) allows the Attorney General or

the Director of the Bureau of Prison to certify that a person is sexually dangerous and file said certificate in the Federal district court in which the person is confined. 18 U.S.C. 4248(a). Thereafter, the court must schedule a hearing to determine whether the person is in fact a sexually dangerous person.[1] Id. On December 8, 2011, the Honorable Judge Britt of the Eastern District of North Carolina held Defendant's civil commitment hearing; his decision is pending.

Currently before this Court is Defendant's motion to terminate his supervised release based on the fact that 4 years have passed since completion of his sentence. Docket No. 31.

**II. LAW AND ANALYSIS**

The question presented is whether Defendant's term of supervised release ran from the end of the term of imprisonment this Court imposed, or will only begin to run at

---

[1] A person may be committed pursuant to 18 U.S.C. 4248(a) "if that individual (1) has previously 'engaged or attempted to engage in sexually violent conduct or child molestation,' (2) currently 'suffers from a serious mental illness, abnormality, or disorder,' and (3) 'as a result of' that mental illness, abnormality, or disorder is 'sexually dangerous to others,' in that 'he would have a serious difficulty in refraining from sexually violent conduct or child molestation if released.'" Comstock, 130 S.Ct. at 1954 (citing 18 U.S.C. § 4247(1)(5)-(6).

2

the date Defendant is either civilly committed pursuant to the Adam Walsh Act or released from custody due to a finding that he does not meet the criteria of a sexually dangerous person.

18 U.S.C. § 3624(e) provides that a "term of supervised release commences on the day the person is released from imprisonment." 18 U.S.C. § 3624(a) provides that a "prisoner shall be released by the Bureau of Prisons on the date of the expiration of the prisoner's term of imprisonment." Taken together, these subsections may be read to imply that Defendant's term of supervised release ran from his scheduled release date of January 18, 2007.

However, in United States v. Johnson, the Supreme Court considered the case of a defendant who served 2.5 years of unlawful prison time due to the subsequent nullification of two of his convictions. 529 U.S. 54, 54 (2000). The question before the Johnson Court was whether the defendant's term of supervised release began at the date the defendant should have been lawfully released or at the date the defendant was actually released. Id. In interpreting § 3624(e), the Court opined that "a supervised release term does not commence until an individual 'is released from imprisonment,'" and the term "released," in this context, is unambiguous. Id. at 57

(quoting 18 U.S.C. § 3624(e)). To release "means '[t]o loosen or destroy the force of . . . to set free from restraint, confinement, or servitude; to set at liberty; to let go.'" Id. (quoting Webster's new International Dictionary 2103 (2d ed. 1949). To say a person "was released while still imprisoned diminishes the concept the word intends to convey." Id. Thus, what is required for supervised release to begin is actual, physical release from imprisonment; that a Defendant should lawfully be released is, according to the Supreme Court, immaterial. Of course, Defendant has not been released from FCI Butner, and so, in accordance with the Supreme Court's ruling in Johnson, it cannot be said that his term of supervised release has commenced.

While this Court finds the result of the Supreme Court's ruling in Johnson to be particularly harsh, and doubts Congress contemplated cases such as Mr. Johnson's or Mr. Revland's when drafting 18 U.S.C. § 3624(e), Johnson is binding authority which this Court has no choice but to follow. Further, the Defendant in the case at bar, unlike the defendant in Johnson, is not being held unlawfully. 18 U.S.C. § 4248(a) provides that the issuance of a certificate that a person is a sexually dangerous person "stay[s] release of the

4

person pending completion" of the necessary procedures. To stay something is to halt or postpone it. Black's Law Dictionary (9th ed. 2009), stay. As previously noted, the decision as to whether Defendant is a sexually dangerous person is still pending, and so his release has been postponed via the operation of § 4248(a). Thus, not only has Defendant not been released in an actual, physical sense as required by the Supreme Court, but he has not even been released in a technical, legal sense.

Tolling a term of supervised release of a person who has been confined more than 4 years beyond his adjudicated punishment may be characterized as heaping injustices, but it should be noted that the Adam Walsh Act serves an important purpose, namely, providing care for persons with sex-based mental illnesses and protecting the public from sexual predators. Comstock, 130 S. Ct. 1958, 1959, and 1961. Furthermore, Defendant's 4 year delay has not been without reason. Judge Britt of the Eastern District of North Carolina ruled the Adam Walsh Act was unconstitutional, the Fourth Circuit upheld his ruling, and the Supreme Court accepted writ of certiorari. U.S. v. Comstock, 507 F. Supp.2d 522 (E.D.N.C. 2007); U.S. v. Comstock, 551 F.3d 274 (4th Cir.

5

2009); and U.S. v. Comstock, 129 S. Ct. 2828 (2009). "[A]n appeal 'confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal," and the Supreme Court, upon accepting a case, stays a circuit court's issuance of a mandate pending disposition of the writ of certiorari. United States v. Montgomery, 262 F.3d 233, 239 (4th Cir. 2001) (quoting United States v. Rodgers, 101 F.3d 247, 251 (2d Cir. 1996)). Not until a court of appeals issues its mandate does a district court regain jurisdiction. Id. Thus, Judge Britt, pending the decision of the Supreme Court and the Fourth Circuit's issuance of a mandate, lacked jurisdiction to hold Defendant's civil commitment hearing, and so the Defendant has remained in limbo. Typically, a district court's decision that an individual is in fact a sexually dangerous person will occur far more promptly.

Finally, the purpose and design of supervised release "would be unfulfilled if excess prison time were to offset and reduce terms of supervised release." Johnson, 529 U.S. at 1118. Supervised release assists "individuals in their transition to community life" and "fulfills rehabilitative ends, distinct from those served by incarceration." Id. If

this Court were to rule that Defendant's term of supervised release ran while he was imprisoned, the function of supervised release would be subverted.

**Therefore, Defendant's motion to terminate his supervised release (Docket No. 31) and the supplement thereto (Docket No. 36) are each denied.**  However, Defendant should be aware that 18 U.S.C. § 3583(e)(1) provides this Court the authority to "terminate a term of supervised release . . . at any time after the expiration of one year of supervised release . . . if [this Court] is satisfied such action is warranted . . . ." In addition, 18 U.S.C. § 3583(e)(2) provides this Court the authority to "modify [or] reduce . . . the conditions of supervised release, at any time prior to the expiration or termination of the terms of supervised release . . . ." Thus, once it is determined whether Defendant is in fact a sexually dangerous person and his term of supervised release commences, he has other avenues of relief available to him.

**IT IS SO ORDERED** this 27th day of December, 2011.

                                           /s/ Donald E. O'Brien
                                           Donald E. O'Brien, Senior Judge
                                           United States District Court
                                           Northern District of Iowa